# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Nashville Division

FILED

2023 MAY 24  PM 12: 13

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| Rhonda Pryor _pro se_ | ) | Case No. **03-23 0532** |
| _Plaintiff_ | ) | _(to be filled in by the Clerk's_ |
| | ) | |
| | ) | Jury Trial Demanded |
| -v- | ) | |
| | ) | |
| | ) | |
| | ) | |
| Jason Golden; | ) | |
| Williamson County Schools | ) | |
| _Defendant(s)_ | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each Plaintiff named in the complaint.

| | |
|---|---|
| Name | Pryor, Rhonda |
| Street address | 1215 North Oak Dr. |
| City and County | Centerville, Hickman County |
| State and Zip Code | Tennessee 37033 |
| Telephone Number | (773)895-2687 |
| E-mail Address | galbfam@hotmail.com |

B. **The Defendant(s)**

| | |
|---|---|
| Name | Williamson County Schools |
| Job or Title _(if known)_ | Governmental Entity |
| Street Address | 1320 Main Street Suite 202 |
| City and County | Franklin, Williamson County |
| State and Zip Code | Tennessee |
| Telephone Number | (615)472-400 |

Defendant No. 2
Name                          Golden, Jason
Job or Title *(if known)*     Superintendent of Williamson County Schools
Street Address                1320 Main Street Suite 202
City and County               Franklin, Williamson County
State and Zip Code            Tennessee 37064-3700
Telephone Number              (615)472-4000


### C. Place of Employment

Name                 Williamson County Schools
Street Address       1320 Main Street Suite 202
City and County      Franklin, Williamson County
State and Zip Code   Tennessee 37064-3700
Telephone Number     (615)472-4000

Rhonda Pryor, ("Plaintiff") is a race (Black) sex (Female) who was a qualified school bus driver working for Williamson County Schools ("WCS") from May 15, 2015 until she was unlawfully terminated October 19, 2021.

Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

### II. Basis for Jurisdiction

Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

This action is brought for discrimination in employment pursuant to

Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17.

Relevant state law:

Relevant city or county law:

This Court has jurisdiction pursuant over Plaintiff's claims under 28 U.S.C.§1331,

28 U.S.C§§1343(a)(3).

Venue is appropriate in this Court under U.S.C.§ 1391 because all parties reside in this judicial district or otherwise found herein, and the alleged actions occurred within this district.

Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

### III. Statement of Claim

A. The discriminatory conduct of which I complain in this action includes:

Unlawful Termination

Unequal terms and conditions of Plaintiff's employment

Retaliation

1. On October 4-7, 2021 the Plaintiff contends that WCS's non-discriminatory reason for termination, insubordination, was mere pretext. Based on WCS's retaliatory practice and the Plaintiff's status, WCS denied the Plaintiff equal terms and conditions of her employment by interfering with her ability to exercise the Plaintiff's right to leave for a family medical matter without facing being insubordinate. HR never responded to any of the Plaintiff's attempts to schedule an interview, one being an agreed upon date to contact HR by October 7, 2021. The Plaintiff was presented a termination at-will on October 19, 2021. HR retaliated against the Plaintiff for exercising her rights and persistently interfered with the Plaintiff's right to engage in a protected activity according to the Family Medical Leave Act.

Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

2. WCS treated the Plaintiff less favorably than another similarly situated bus driver of a non-protected class, race (White) and sex (Male), who openly admitted to sharing his views and opinions on contentious topics with middle school students on his school bus. Unlike the Plaintiff, the white male driver declares no WCS representative or administrator asked him to report to the transportation department office to review his bus video, nor was he sent to HR for repeatedly violating the orders of his supervisors, an insubordinate act. He stated he was never treated harshly like the Plaintiff; he was never given a written reprimand for unprofessional and inappropriate conduct or suspended or terminated after receiving several parent complaints, on several different dates, between December 2020 to January 2021.

Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

3. On September 23, 2021, WCS failed to protect the Plaintiff from an irate parent, by not removing her, but keeping the Plaintiff in a potentially harmful and unsafe environment. Another bus driver of a non-protected class, race (White) and sex (Male), was inappropriate and unprofessional when he engaged in a verbal confrontation with both a student and their parent in September 2018. Like the Plaintiff, he was suspended without pay, but unlike the Plaintiff, was permitted to work on school grounds during his suspension to continue making an income. Ultimately, the white male driver was relocated and given a new bus route. This shows WCS had a duty and ample opportunity to resolve the incident by moving the Plaintiff.

Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

4. Under Title VII, WCS lacked concrete reasoning for the Plaintiff's termination, presenting three (3) different sets of reasons on three (3) different dates. WCS's inconsistencies resulted in the Plaintiff's inability to obtain proper legal counsel from an attorney and prevented the Plaintiff from being able to defend herself properly. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

5. The Plaintiff alleges the non-discriminatory reason for her termination, noted as unprofessional and inappropriate conduct, was mere pretext to hide WCS's discriminatory actions against the Plaintiff, a black female bus driver. Another bus driver of a non-protected class, race (White) and sex (Male), was inappropriate and unprofessional for being physically forceful with a special needs child, but was not reprimanded, suspended, or terminated for his actions. In comparison, the Plaintiff was said to be inappropriate and unprofessional, and ultimately terminated, for talking to her students. HR allowed the white male driver in question to decide on a convenient time to attend the investigation meeting that fit the driver's schedule. Again, the Plaintiff was treated unfavorably by not being given the same treatment to schedule a time convenient for her meeting. The white male driver was told by HR that the meeting would not delay the driver's mid-morning route, showing that HR had already assumed the driver's innocence and wanted the driver to continue working. The white male driver's bus video camera was not operative prior to the altercation and was never fixed or installed for over two (2) months after the meeting, potentially endangering the student's safety. HR allowed the white male driver to continue operating the bus, with the aforementioned

student on board, without operative recording equipment. The incident happened over the period of December of 2021 to February of 2022.

Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

    B. It is my best recollection that the alleged discriminatory acts occurred on date(s) September 23, 2021; October 4, 2021;  October 5, 2021; October 7, 2021; October 17, 2021; October 19, 2021; April 21, 2022.

    C. I believe that defendant(s)  are still committing these acts against me.

    D. Defendant(s) discriminated against me based on my race (Black) and sex (Female)

    E. The facts of my case are as follows.

Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

September 22, 2021

While driving her students to Legacy Middle School. The Plaintiff communicated with students on her bus.

Throughout WCS's Bus Driver Handbook it encourages drivers to communicate with their students.

September 23, 2021 an irate white male parent approached the Plaintiff at a bus stop. The parent made threatening gestures and threatened to get other parents to help him fire the Plaintiff for speaking to the students on the bus. September 23, 202, 7:00am  (bus video)

Plaintiff was called to report to the Transportation Department office after her morning route at 8:30am.

The Plaintiff made a verbal complaint and reported the irate parent to Director of Transportation, Jeff Fuller.

Jeff Fuller proceeded to read to the Plaintiff a parent complaint which referenced the Plaintiff as being "picked from the bottom of the barrel" and stating that the parent "always had her doubts about the Plaintiff". Fuller commented that the parents "live in a bubble" and "they don't understand where you [the Plaintiff] come from" adding, "I [Jeff Fuller] do, because I had black friends when I was a military brat. We had to stick together because we moved from school to school."

Jeff Fuller served the Plaintiff the most severe written reprimand, containing a fabricated COVID narrative. The Plaintiff refused to sign the reprimand because she had not discussed COVID with the students that morning(1:00pm).

Brian Findlen (HR Investigator) initialed the reprimand and placed it in the HR file.

Brian Findle submitted (on October 5, 2021) the pretextual reprimand as evidence into his Investigation Closure Form.

In the Investigation Closure Form on April 21, 2021, Brian Findlen admits the Plaintiff did not speak of COVID and Plaintiff's bus video on September 22, 2021 confirms his statement.

Brian Findlen used the pretextual COVID reprimand, bolstering the discriminatory reasons to fire the Plaintiff.

For 12 days, the Plaintiff continued to drive, working overtime to cover routes of absent drivers with no break in service and no incidents.

Friday, October 1, 2021, 5:37 pm   Jeff Fuller calls to tell the Plaintiff she has been suspended, she was not to drive Monday morning and to report on Monday, October. 4, 2021 at 8:30 am. to the HR office.

Monday, October. 4, 2021- HR served the Plaintiff a suspension letter alleging the Plaintiff 'engaged in unprofessional and inappropriate conduct'. HR refused the Plaintiff's request for more clarification such as a date or location of alleged conduct.

Plaintiff refused to sign a suspension which was vague and broad in scope.
Plaintiff requested a time frame for the next meeting, HR stated no date was set.

The HR letter did state the Plaintiff would be contacted in the 'near future', (another vague statement) to discuss the process.

Plaintiff informed HR of her plan to go out of town that very day (October 4, 2021) to bring her sick elderly parents back to Tennessee.

After the close of the school business day, Brian Findlen suspiciously scheduled and sent an email at 4:32 pm, stating HR planned to interview the Plaintiff on the next day.

In good faith, the Plaintiff did not ignore the email and sent Brian Findlen a text and voicemail declining the meeting because of family matters she stated earlier to HR. Her text stated she would contact them when she returned to reschedule the meeting.

October 5, 2021

Approximately 9:30am Brian Findlen called Plaintiff. Although Findlen acknowledged he knew the Plaintiff had plans to retrieve her parents from Illinois, he insistently pressured her with an unrealistic demand that she attend the investigative meeting in Tennessee, or face consequences.

Brian Finlen stated if the Plaintiff did not come to the meeting he would proceed without her.

Plaintiff stated to Brian Findlen she would contact him on Thursday, October 7, 2021.

Mr. Findlen's and the HR office's actions on October 4th placed undue mental distress on the Plaintiff which caused the Plaintiff to become visibly and physically sick.

Brian Findlen did not reply to Plaintiff's voicemail or text on October 7, 2021.

NO SCHOOL - Fall break from October 9 th - 17th

Plaintiff drove both 85 year old parents to Tennessee to live with her on October 16, 2021.

Plaintiff/s second attempt to contact Brian Findlen by text and voicemail was again met with no response, October 17, 2021.

A third attempt was made to contact Brian Findlen by text and voicemail, ultimately receiving no response, October 21, 2021.

In the Response to EEOC on April 21, 2022, the Plaintiff discovered HR Investigation Closure Form revealed Brian Findlen had not honored the deadline of October 7, 2021 for the Plaintiff to contact him.

HR admitted holding a PA mic was not prohibited by law yet included it in the reasons for termination of the Plaintiff on October 5, 2021 and April 21, 2022.
No driver except the Plaintiff, a black female was ever fired for holding a PA microphone.
If Plaintiff's termination stands, all WCS bus drivers who have ever held a PA microphone or 2-way radio while driving shall be at risk of termination.

**IV.   Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct on March 22, 2022

B. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which I received on March 1, 2023.

## V.    Relief

**Present Disparate Treatment**

The Plaintiff believes WCS is still committing these acts against the Plaintiff. As recently as March 27, 2023, a non-protected race (White) and sex (Male) bus driver held a discussion with high school, middle school, and elementary school students about gun violence, specifically regarding the transgender shooter who shot and killed six (6) people in a school in Nashville, Tennessee. A parent complained about his actions. No representative in the Transportation Department, HR, or WCS pulled his bus video and transcribed it minute by minute, like they had done to the Plaintiff. The white male driver was not given a severe reprimand; suspended without pay; terminated for insubordination, unprofessional and inappropriate conduct for discussing a polarizing topic with the children; or cited for unsafe operation of his bus for holding his PA system microphone. This further demonstrates WCS's disparate treatment of the Plaintiff due to her race (black) and sex (female).

Plaintiff hereby incorporates the preceding paragraphs as if fully set forth.

The Plaintiff asks for relief under Title VII for her employer's unlawful discriminatory conduct, including but not limited to WCS's disparate treatment and unlawful termination of the Plaintiff.

Plaintiff asks that the Court enter a judgment in her favor and against WCS and direct the following relief:

1. for Compensatory Damage including damage of reputation, including loss of social standing for the Defendants' willful violations of Title VII, and any related statutes, regulation and policies

2. for a monetary judgment representing pecuniary damages, including back pay and benefits, front pay for those wages the Plaintiff would be receiving if she had not been unlawfully terminated due to Defendants' discriminatory practices and behavior; and,

3. for the Court to retain jurisdiction over this action until the Defendant has fully complied with Orders of this Court and that the Court require Defendant to file such reports as may be necessary to may be necessary to supervise such compliance.

For Punitive Damage in the amount of $299,700

For Compensatory Damage plus cost of living adjustments and wage increases and interest $99,900

For Lead driver, out-of-county, bus maintenance (cleaning, fueling, engine, repair, inspections)

For Pecuniary Damage (Forward wages: 8 years) $399,600; and (mental distress) $200,600

For Court Fee $420

For Plaintiff planned to get a loan to pay for daughter's acceptance in to United Airline Pilot

For Training in Arizona - $85,000.00

For Training cost for Room and Board -$29,000.00

For a letter of recommendation from WCS staff, chosen by the Plaintiff

For Retirement Benefits updated - to be calculated

For Social Security -to be calculated

For Health Insurance -to be calculated

For Medicare and Medicaid-to be calculated

For any and all negative items to be cleared from the Plaintiff's file

For any and all relief as the court deems appropriate.

## VI.   Certification and Closing

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where care-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: May 24, 2023

Signature of Plaintiff

Printed Name of Plaintiff          Rhonda Pryor