IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| RHONDA PRYOR | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:23-cv-00532 |
| | ) | |
| JASON GOLDEN, Superintendent of | ) | |
| Williamson County Schools; WILLIAMSON | ) | |
| COUNTY BOARD OF EDUCATION dba | ) | |
| Williamson County Schools | ) | |

**TO:** The Honorable Eli J. Richardson, United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 1, 2023 (Docket Entry No. 5), this *pro se* employment discrimination case was referred to the Magistrate Judge for pretrial proceedings.

Pending before the Court is the motion to dismiss (Docket Entry No. 9) of Defendant Jason Golden. Plaintiff has not responded in opposition to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that Defendant Golden be dismissed from this action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rhonda Pryor ("Plaintiff") is a resident of Centerville, Tennessee. On May 24, 2023, she filed this *pro se* lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. " 2000e *et seq*. (ATitle VII@) against the Williamson County Schools (the "WCS") and Superintendent Jason Golden ("Golden"). *See* Complaint (Docket Entry No. 1). Plaintiff alleges that she was discriminated against on the basis of her race and sex while working as a school bus driver, that she was unlawfully terminated from her employment on October 19, 2021, and that she suffered retaliation. Plaintiff asserts that she filed a Charge of Discrimination with the Equal Employment

Opportunity Commission (AEEOC@) on March 22, 2022, and received a right-to-sue letter on March 1, 2023. *Id*. at 11.

In lieu of an answer, Defendant Golden filed the instant motion to dismiss, seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Golden argues that he was not Plaintiff's employer under the definition of Title VII and, for that reason, is not a proper defendant for Plaintiff's Title VII claim. *See* Memorandum in Support (Docket Entry No. 10) at 2-3. Golden further argues that, to the extent that Plaintiff's complaint can be construed to assert some type of other claim against him, the complaint fails to set out factual allegations that are sufficient to state a claim. *Id*. at 3-4.

By Order entered June 23, 2023 (Docket Entry No. 13), the Court notified Plaintiff of the motion and set August 4, 2023, as the deadline for her to file a response. Plaintiff was also cautioned that her failure to file a response could result in the motion to dismiss being granted. (*Id*. at 1.) To-date, Plaintiff has not responded to the motion to dismiss.

## II. STANDARD OF REVIEW

Defendant Golden's Rule 12(b)(6) motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff=s favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church=s Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff=s factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id*.;

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide Amore than a sheer possibility that a defendant has acted unlawfully.@ *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Although the Court must construe the complaint liberally because Plaintiff is *pro se*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), there are limits to liberal construction and the Court is not required to supply or assume facts that are not pled or to create claims for a party that are not actually pled. *See Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001); *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302988 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012).

### III. ANALYSIS

Golden is properly dismissed from this lawsuit. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a timely response to the motion permits the Court to deem the motion unopposed. Likewise, her failure to take action to defend against Golden's request for dismissal indicates that either she does not oppose his dismissal from the lawsuit or she has abandoned her claim against him. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) (Aif a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.@). Either way, dismissal of Golden is warranted.

Furthermore, Golden has raised a sound and conclusive legal argument for his dismissal from the lawsuit. Title VII does not provide for liability against an individual defendant, even if the individual acts as a supervisory official, unless the individual otherwise qualifies as an employer under the statute. *See Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n.6 (6th Cir. 1997). WCS was clearly Plaintiff's only employer, and there is no basis set out in Plaintiff's complaint upon which Golden can be deemed to be an employer under Title VII against whom liability can be imposed. Plaintiff has not rebutted this defense. In the absence of a response from Plaintiff that rebuts the sound legal defense raised by Golden, it is not the duty of the Court to Aabandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.@ *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) (AThis Court is not required to develop legal theories and arguments in Plaintiff=s stead in order to defeat the motion to dismiss.@); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response.).

## R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that the motion of Defendant Jason Golden to dismiss (Docket Entry No. 9) be GRANTED and that Defendant Golden be DISMISSED from this action pursuant to Fed. R. Civ. P. 21 with prejudice.[1]

---

[1] Rule 21 of the Federal Rules of Civil Procedures authorizes the Court to "[o]n motion or on its own … at any time, on just terms, add or drop a party." Rule 41 of the Federal Rules of Civil

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

Procedures governs dismissal of actions. Because this recommendation is only for dismissal of Defendant Jason Golden, and not of the entire action, Rule 21, rather than Rule 41, applies.